## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RUSSELL C. JOHNSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  3:21-cv-00277** |
| | § | |
| **HARGROVE AND ASSOCIATES, INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Hargrove & Associates, Inc. ("Hargrove" or "Defendant") files this Notice of Removal of the civil action originally filed in the 14th Judicial District Court of Dallas County, Texas entitled *Russell C. Johnson v. Hargrove and Associates, Inc.,* Cause No. DC-21-00231 (the "State Court Action").  In support of this Notice of Removal, Defendant states as follows:

1.      On January 7, 2021, Plaintiff Russell C. Johnson ("Plaintiff") filed his Original Petition ("Petition") in the State Court Action asserting: (1) disability discrimination in violation of the Texas Labor Code and (2) retaliation, harassment, and hostile environment in violation of the Texas Labor Code.  Exhibit C.  Defendant was served with citation and the Petition on January 13, 2021.  Exhibit F.

2.      Removal of the State Court Action is proper under 28 U.S.C. §§ 1332(a), 1441, and 1446 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### A.  The Parties are Completely Diverse.

3.      Plaintiff is a citizen of Texas. Ex. C, ⁋ 2.01.  Defendant is a citizen of Alabama because Defendant was incorporated under the laws of Alabama and maintains its principal place of business in Mobile, Alabama. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."). Accordingly, complete diversity of citizenship exists between the parties as required by 28 U.S.C. § 1332(a)(1).

### B.  The Amount in Controversy Exceeds $75,000.

4.      To determine the amount in controversy for the purpose of establishing diversity jurisdiction, a court ordinarily looks to the plaintiff's state court petition.  *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2001). Plaintiff's Petition in the State Court Action provides that the amount in controversy exceeds $100,000. Exhibit C, ¶ 1.02. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332(a) is met. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (The amount in controversy is "'facially apparent' from Plaintiff's original petition that the claimed damages exceeded $75,000.").

### C.  The Removal Complies with Fed. R. Civ. P. 81 and N.D. Tex. Civ. R. 81.

5.      Removal of the State Court Action is timely as this Notice of Removal is filed within 30 days of the date upon which the summons for the State Court Action was served on Defendant. *See* 28 U.S.C. § 1446.

6.      The documents attached to this Notice of Removal comply with Northern District of Texas Civil Rule 81.1.

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located within this District.

8.      Defendant will promptly notify the 14th Judicial District Court of Dallas County, Texas of the removal of this action to federal court.

Accordingly, based on the foregoing, Defendant removes this action to the United States District Court for the Northern District of Texas, Dallas Division, and requests any and all such further relief and remedies to which it may be entitled.

Respectfully submitted,

*/s/ Claudine G. Jackson*
Claudine G. Jackson
State Bar No. 00793800
Andrea W. Paris
State Bar No. 24085652

PHELPS DUNBAR LLP
201 Main Street, Suite 1350
Fort Worth, TX  76102
Telephone: (817) 386-1166
Facsimile: (817) 386-1170
claudine.jackson@phelps.com
andrea.paris@phelps.com

**ATTORNEY FOR DEFENDANT**

PD.30830231.1

## <u>CERTIFICATE OF SERVICE</u>

On this 8th day of February, 2021, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I therefore certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Claudine G. Jackson*
Claudine G. Jackson